PER CURIAM.
The State seeks certiorari review of a pretrial order of the trial court. Alfredie Steele is charged with first-degree murder. Mr. Steele filed a pretrial motion to bar imposition of the death penalty on the ground that Florida’s capital sentencing procedure is unconstitutional under Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). The trial court denied the motion but ordered the State to provide the defense with “adequate notice” of the aggravating factors that the State *365 intended to submit and argue to the jury at any sentencing phase as a basis for the imposition of the death penalty. The trial court ordered the defense to schedule a hearing on the issues of the form, content, and timing of the required adequate notice. The trial court also announced that the jury would be required to complete an interrogatory verdict form specifying those aggravators which a majority of the jury had found proven beyond a reasonable doubt, together with a numerical breakdown of the jurors “for” and “against” each aggravator.
The State argues that this order departs from the essential requirements of law resulting in a miscarriage of justice. We agree that requiring the State to provide advance notice of the aggravators is a departure from the essential requirements of law, but we conclude that the State is not entitled to relief from the trial court’s order regarding the-verdict form.
In Vining v. State, 637 So.2d 921 (Fla.1994), the Florida Supreme Court held that because the aggravating factors to be considered in determining the propriety of a death sentence are limited to those set out in section 921.141(5), Florida Statutes (1987), there is no reason to require the State to notify defendants prior to trial or the penalty phase of the aggravating factors that it intends to prove. The United States Supreme Court’s decision in Ring does not affect the holding in Vining because Ring does not require the State to provide notice of aggravators. See Kormondy v. State, 845 So.2d 41, 54 (Fla.2003). Therefore, the trial court’s order requiring the State to provide notice of aggravators departs from the essential requirements of law. See State v. Richman, 861 So.2d 1195 (Fla. 2d DCA 2003); Allstate Ins. Co. v. Hodges, 855 So.2d 636 (Fla. 2d DCA 2003).
Regarding the verdict form, Florida law does not specifically prohibit a trial judge from using a special verdict form such as the one ordered here. Therefore, we conclude that the trial court’s order as to the special verdict form does not depart from the essential requirements of law.
Accordingly, we deny certiorari as to the portion of the order requiring the special verdict form. We grant certiorari as to the portion of the order requiring notice of aggravators and quash that portion of the order and remand for further proceedings consistent with this opinion.
Because this ruling could affect many cases that may ultimately be reviewed by the supreme court, we certify the following questions of great public importance to the supreme court so that it may review these issues at this time if it so chooses:
(1) DOES A TRIAL COURT DEPART FROM THE ESSENTIAL REQUIREMENTS OF LAW, IN A DEATH PENALTY CASE, BY REQUIRING THE STATE TO PROVIDE PRE-GUILT OR PRE-PENALTY PHASE NOTICE OF AGGRAVATING FACTORS?
(2) DOES A TRIAL COURT DEPART FROM THE ESSENTIAL REQUIREMENTS OF LAW, IN A DEATH PENALTY CASE, BY USING A PENALTY PHASE SPECIAL VERDICT FORM THAT DETAILS THE JURORS’ DETERMINATION CONCERNING AGGRAVATING FACTORS FOUND BY THE JURY?
Petition for writ of certiorari denied in part and granted in part; trial court order quashed in part and remanded for further proceedings.
ALTENBERND, C.J., and SILBERMAN and VILLANTI, JJ., Concur.